IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JEFFERY and TISHA STALNAKER,**

      Plaintiffs,

v.                                                                    CIVIL ACTION NO.  2:17-04059

**Estate of RUSSELL G. BEALL,**
**DONNA BEALL-BISHOP, as Executrix and**
**in her individual capacity, and**
**BEALL-BISHOP OIL AND GAS, INC.,**

      Defendant.

## COMPLAINT

1. This case arises out of the Defendants' wrongful withholding of wages from the Plaintiffs, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. (hereinafter "FLSA") and the West Virginia Wage Payment and Collection Act, W. Va. Code Sec. 21-5-1 et seq., seeking to recover unpaid overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## VENUE & JURISDICTION

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391.

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C. Sec. 201, et. seq. and 28 U.S.C. Sec. 1331.

## PARTIES

4. Jeffrey and Tisha Stalnaker have at all times relevant resided in Wood County, West Virginia.

1

5. Jeffery and Tisha Stalnaker were classified by the Defendants as employees covered by the FLSA.

6. Russell Beall, Donna Beall-Bishop, and Beall-Bishop Oil and Gas, Inc., either on their own or jointly, constituted employers covered by the FLSA, with their principal places of business at 2102 Maxwell Ave., Parkersburg, WV 26101, Wood County, or 5137 Muddy Creek Mountain Road, Lewisburg, West Virginia 24901, Greenbrier County. The estate appurtenant to Mr. Beall's assets is located in Wood County, West Virginia.

**FACTS**

7. Tisha Stalnaker began working for the Defendants on or about February 26, 2012 and worked up until February 2016.

8. Jeffery Stalnaker started working for the Defendants on May 10, 2014 and worked up until February 2016.

9. The Plaintiffs placed calls to various states, sent and received correspondence to various states, and delivered and retrieved documents of a legal and business nature affecting commercial activities of---and on behalf of---the Defendants, including Beall-Bishop Oil & Gas, Inc., also known as the Morris Beall Oil and Gas Company.

10. Defendant Donna Beall-Bishop served at all relevant times as president of Defendant Beall-Bishop Oil & Gas, Inc.

11. Defendant Donna Beall-Bishop coordinated and had direct knowledge of and control over all work assignments and payments issued to the Plaintiffs by the Defendants.

12. Mr. Stalnaker performed numerous types of work for the Defendants, including: tended to the grounds and performance other skilled maintenance at the Beall properties---such as performing basic plumbing and repair work, landscaping (trimmed bushes, took

care of yard), and basic maintenance on home and appliances----and also tended to Mr. Beall's medical needs, assisted Mr. Beall with physical therapy, cooked, cleaned, helped Mr. Beall to bathe, took Mr. Beall to appointments, purchased groceries, drove Mr. Beall out to Ritchie County once per week, among other activities.

13. Mrs. Stalnaker performed numerous types of work for the Defendants, including: maintained the house, tended to Russell Beall's medical needs, cooked for the Beall family and maintained the kitchen, shopped for the groceries, did the laundry, cleaned the house (cleaning, sweeping, dusting, mopping, etc.), assisted Mr. Stalnaker with plumbing, among other activities.

14. The Defendants had a staff consisting of several other individuals besides the Stalnakers who worked at or in connection with the properties and assets of the Defendants.

15. The Stalnakers routinely worked substantially in excess of 40 hours per week, including working 84 hours per week apiece from May 1, 2014 through the end of February 2016. During this period, each of the Stalnakers were daily covering opposite 12-hour shifts for the Defendants.

16. The Defendants paid Mr. Stalnaker the same wage---typically $10.00 per hour or $840.00 per week after taxes----regardless of whether he worked over 40 hours per week.

17. The Defendants paid Mrs. Stalnaker the same wage---typically $10.71 per hour or $900.00 per week after taxes---regardless of whether she worked over 40 hours per week.

***Defendants classified the Plaintiffs as overtime-eligible, but knowingly refused to pay overtime***

18. The Plaintiffs specifically questioned Mrs. Beall-Bishop about the non-payment of overtime, but were rebuffed.

19. Mrs. Beall-Bishop stated to the Plaintiffs that the Plaintiffs were classified as overtime-eligible employees. That is, Defendant Beall-Bishop stated that she believed that she did have an obligation to pay overtime.

20. Despite the fact that Plaintiffs were classified as overtime-eligible employees, the Defendants knowingly elected not to pay overtime to the Plaintiffs.

### Count I – Failure to Pay Overtime
### Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq.

21. All previous paragraphs are incorporated as though fully set forth herein.

22. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

23. Defendants have violated the FLSA by failing to pay Plaintiffs adequate compensation for overtime work consisting of hours worked over 40 per week.

24. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

### Count II – Recordkeeping
### 29 U.S.C. §§ 211(c), 215(a)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. 29 U.S.C. Sec. 211(c) and 29 C.F.R. Sec. 516.2 set forth the FLSA recordkeeping requirements regarding wages, hours, and other conditions and practices of employment.

27. Defendants failed to keep adequate records as required by the FLSA that were sufficient to determine the Plaintiffs' wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq.---namely violating 29 U.S.C. §§ 211(c) and 215(a).

**Count III – Violation of West Virginia Wage Payment and Collection Act**
**W. Va. Code Sec. 21-5-1, et seq.**

28. All previous paragraphs are incorporated as though fully set forth herein.

29. Upon being terminated, the Plaintiffs were entitled to receive all wages due for work that the Plaintiffs had performed prior to their separation of employment, and such payment of due wages should have been made by Defendants on or before the next regular payday on which the Plaintiffs' wages would have been due and payable.

30. Defendants failed to pay to the Plaintiffs all of their due wages in a timely manner as prescribed by West Virginia Code Sec. 21-5-4(b).

31. Plaintiffs are thus entitled to recover the total unpaid wages that were due to them upon their separation from employment.

32. In addition to the amount which unpaid when due, the Defendants are liable to the Plaintiffs for two times that unpaid amount as liquidated damages.

33. Plaintiffs are also entitled to recover the value of their reasonable attorneys' fees and costs as a result of bringing this action to secure their rights under the West Virginia Wage Payment and Collection Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

I. All unpaid wages, prejudgment, and post-judgment interest to the fullest extent permitted by law;

II. Liquidated damages to the fullest extent permitted under the FLSA and the WPCA;

III. Reasonable attorney fees and costs incurred in pursuing this claim, pursuant to 29 U.S.C. Sec. 216(b) and W. Va. Code Sec. 21-5-12(b); and

IV. Such other and further relief as this Court may deem just and proper.

**PLAINTIFFS REQUEST A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.**

**JEFFERY AND TISHA STALNAKER,
PLAINTIFFS,
BY COUNSEL,**

/s/ Samuel B. Petsonk
Samuel B. Petsonk (State Bar ID No. 12418)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
(304) 344-3144
(304) 344-3145 (fax)
sam@msjlaw.org
*Counsel for Plaintiffs*