IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFFERY STALNAKER, et al.,

           Plaintiffs,

v.                                        CIVIL ACTION NO. 2:17-cv-04059

ESTATE OF RUSSELL G. BEALL, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is the Motion to Dismiss Plaintiffs' Amended Complaint, or in the Alternative, for a More Definite Statement filed by Defendants Estate of Russell G. Beall (the "Estate"), Donna Beall-Bishop ("Ms. Beall-Bishop"), and Beall-Bishop Oil and Gas, Inc. ("Beall-Bishop Oil") (collectively, "Defendants"). (ECF No. 27.) For the reasons explained more fully herein, Defendants' motion, (ECF No. 27), is **DENIED**.

                *I.*       *BACKGROUND*

Plaintiffs Jeffery Stalnaker ("Mr. Stalnaker") and Tisha Stalnaker ("Mrs. Stalnaker") (collectively, "Plaintiffs") filed this action against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1, *et seq.* (ECF No. 23 at 1.) Plaintiffs allege that they were employed by Defendants until February 2016. (*Id.* at 2.) Mr. Stalnaker's duties included "basic plumbing and repair work, landscaping . . . , and basic maintenance on home and appliances," as well as assisting Russell G. Beall ("Mr. Beall") with other basic tasks, such as

1

bathing, cooking, cleaning, and grocery shopping. (*Id.* at 3.) Mr. Stalnaker "also tended to Mr. Beall's medical needs" by "assist[ing] [him] with physical therapy" and taking him to appointments. (*Id.*) Mrs. Stalnaker performed similar work. (*Id.*) Mr. Beall passed away on January 10, 2016. (*Id.* at 4.)

Plaintiffs allege that during the time they were employed by Defendants, they "were daily covering opposite 12-hour shifts." (*Id.* at 3.) That is, Plaintiffs allege that they worked 84 hours per week and were paid the same wage "regardless of whether [they] worked over 40 hours per week." (*Id.*) When Plaintiffs questioned Ms. Beall-Bishop "about the non-payment of overtime," she "rebuffed" them. (*Id.* at 4.) Plaintiffs' FLSA and WPCA claims are based on this failure to pay overtime wages, and Plaintiffs also allege an FLSA recordkeeping violation. (*Id.* at 5–7.)

Defendants filed their motion to dismiss the amended complaint on April 26, 2018. (ECF No. 27.) Plaintiffs filed a timely response, (ECF No. 29), and Defendants filed a timely reply, (ECF No. 30). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. ANALYSIS

Defendants assert that Plaintiffs' amended complaint fails to state a claim for two reasons. (ECF No. 28 at 2–3.) First, Defendants argue that Plaintiffs' claims against the Estate and Ms. Beall-Bishop in her capacity as executrix of the Estate are barred by West Virginia Code § 44-2-23 and § 44-2-26. (*Id.* at 5–9.) Second, Defendants contend that the FLSA does not apply because Plaintiffs did not engage in interstate commerce at any point during their employment

3

with Defendants. (*Id.* at 9–11.) In addition, Defendants argue that the amended complaint alleges no facts to support liability against Ms. Beall-Bishop in her personal capacity or against Beall-Bishop Oil. (*Id.* at 11–13.)[1]

   A. *Operation of West Virginia Code § 44-2-23 and § 44-2-26*

Principally, Defendants assert that West Virginia Code § 44-2-23 and § 44-2-26 preclude any recovery from the Estate or from Ms. Beall-Bishop as executrix of the Estate.[2] The former statute provides that the personal representative of an estate cannot be held personally liable "for any debt or demand against the decedent" after the distribution of the estate "unless, within the time fixed for presentation of claims or for suing thereon, such claim was duly presented or action or suit thereon commenced and process served on such personal representative." W. Va. Code § 44-2-23. Relatedly, the latter statute provides that anyone "having a claim against a deceased person . . . who has not, after notice to creditors has been published . . . presented his claim on or before the time fixed in such notice . . . shall . . . be barred from recovering such claim of or from the personal representative." W. Va. Code § 44-2-26; *see Alpine Prop. Owners Ass'n v. Mountaintop Dev. Co.*, 365 S.E.2d 57, 66 (W. Va. 1987) (noting that § 44-2-26 bars actions that are "brought . . . after the estate ha[s] been settled and the executors discharged").

However, "if a surplus remain [sic] after providing for all claims presented in due time . . . and such surplus [has not] been distributed by the personal representative to the beneficiaries

---

[1] Defendants also contend, for the first time in their reply brief, that Plaintiffs are not entitled to overtime pay under the FLSA because they provide "companionship services" and are "live-in domestic workers." (ECF No. 30 at 2–5.) "[A]n argument raised for the first time in a reply brief or memorandum will not be considered." *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 745 n.4 (S.D.W. Va. 2014); *see Moseley v. Branker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived."). Because the argument was raised for the first time in Defendants' reply, thus precluding Plaintiffs from offering a response, this Court will not address it at this time.

[2] It is unclear whether these state-law principles of claims administration for decedents' estates bar Plaintiffs' federal claims. This Court assumes for purposes of ruling on Defendants' motion to dismiss that these statutes apply to all the claims alleged.

4

of the estate," a claimant who did not timely present his claim may have it paid out of the surplus if he "prove[s] that he had no actual notice of the publication to creditors nor knowledge of any proceedings before the fiduciary commissioner." W. Va. Code § 44-2-26. Plaintiffs allege that they "were never aware . . . of the distribution of Mr. Beall's assets or property through any formal process of probate." (ECF No. 23 at 4.) Defendants assert that this allegation is untrue and made in bad faith because "legal notice for probate is always published," but they provide this Court with no evidence of which it may take judicial notice that the published notice exists. (ECF No. 28 at 6.) Thus, this Court must accept Plaintiffs' allegation as true for purposes of deciding the motion to dismiss. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

Plaintiffs further allege that Ms. Beall-Bishop "was a beneficiary or legatee of the Estate . . . and received valuable distributions from that Estate." (ECF No. 23 at 5.) This allegation implies that the Estate has been distributed, which would preclude recovery from the surplus under the plain language of W. Va. Code § 44-2-26. *See* W. Va. Code § 44-2-26 (providing that claims not timely raised may be paid if the surplus has not "been distributed by the personal representative to the beneficiaries of the estate"). However, as Plaintiffs point out, a claimant "who has not [timely] presented his claim . . . may, if not barred by limitation, bring a civil action against the distributees and legatees, jointly or severally, at any time within two years after such distribution." W. Va. Code § 44-2-27; Syl. Pt. 1, *Fitzwater v. Dotson*, 226 S.E.2d 45 (W. Va. 1976). Therefore, Plaintiffs have alleged alternatively a claim against Ms. Beall-Bishop as a beneficiary of the Estate or a claim against the Estate and Ms. Beall-Bishop as personal representative for liability from the surplus. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively . . . . If a party makes alternative statements, the pleading is sufficient if any one of

5

them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency."). This Court cannot definitively conclude at this stage that the complaint fails to state a claim on either basis.

B. *Interstate Commerce*

Defendants also argue that Plaintiffs are not covered employees under the FLSA because they were not engaged in interstate commerce during their employment with Defendants. (ECF No. 28 at 9–11.) There are two types of FLSA coverage: "individual coverage," which applies to employees who are "engaged in commerce or in the production of goods for commerce," and "enterprise coverage," which applies to employees who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage.").

Plaintiffs have not sufficiently alleged enterprise coverage. As relevant here, enterprise coverage applies if the enterprise "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done . . . not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Plaintiffs allege no facts to demonstrate that Defendants' commercial activities exceed $500,000 annually. (*See* ECF No. 23.) Accordingly, the complaint fails to allege that Plaintiffs are covered by the FLSA pursuant to enterprise coverage.

However, Plaintiffs adequately allege individual coverage. Individual coverage applies to an employee "who in any workweek is engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). "The test is whether the work is so directly and vitally

related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). The complaint alleges that as part of their work for Defendants, Plaintiffs "placed calls to various states, sent and received correspondence to various states, and delivered and retrieved documents of a legal and business nature affecting commercial activities of . . . Defendants." (ECF No. 23 at 2.) Such activities are sufficient to allege that Plaintiffs were "engaged in commerce." *See Shultz v. Falk*, 439 F.2d 340, 348 (4th Cir. 1971) (holding that employees who were "handling, preparing, mailing or otherwise working on . . . materials for transmission across state lines" and "regularly engaged in telephone and mail communications . . . across state lines" were "engaged in commerce"). Therefore, Plaintiffs have alleged that they are employees covered by the FLSA, and their complaint will not be dismissed on that basis.

    *C. Sufficiency of Allegations Against Ms. Beall-Bishop and Beall-Bishop Oil*

Finally, Defendants contend that the complaint fails to allege facts related to the conduct of Ms. Beall-Bishop in her individual capacity or against Beall-Bishop Oil. (ECF No. 28 at 11–13.) Defendants assert that the complaint's allegations against them generally are insufficient to establish separate claims against each. (*See id.*)[3] Defendants further argue, "Plaintiffs are well aware of their employer, and it was [Mr. Beall]" according to "their annual W2s." (*Id.* at 12.)

At this stage, however, this Court must assume the facts are as the amended complaint sets them out. *Nanni*, 878 F.3d at 452 ("In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff."). Plaintiffs

---

[3] Defendants' motion requests this Court to order Plaintiffs to amend their complaint to make a more definite statement, specifically to allege "which Defendant they claimed they worked for at which time, and how much they were paid by each Defendant, and how much overtime they claim they are owed by each Defendant." (ECF No. 27 at 1.) Bizarrely, Defendants assert in their reply brief that they "have not filed a Motion for a More Definite Statement in response to the Amended Complaint." (ECF No. 30 at 1.) Therefore, this Court will treat the motion as withdrawn.

allege that they performed work "for" and "on behalf of" Defendants, "including [Beall-Bishop Oil]." (ECF No. 23 at 2–3.) Plaintiffs further allege that Ms. Beall-Bishop "coordinated and had direct knowledge of and control over" Plaintiffs' "work assignments and payments" and that she "paid . . . Plaintiffs from . . . Defendants' business accounts." (*Id.* at 2.) The amended complaint also describes a conversation between Plaintiffs and Ms. Beall-Bishop during which she "stated . . . that [they] were classified as overtime-eligible employees" and "that she did have an obligation to pay overtime." (*Id.* at 4.) Therefore, Plaintiffs have alleged sufficient facts related to Ms. Beall-Bishop in her personal capacity and to Beall-Bishop Oil.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, or in the Alternative, for a More Definite Statement, (ECF No. 27), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 31, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[4] This Court makes no finding at this time as to whether Defendants constitute joint employers of Plaintiffs under the FLSA.