IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JEFFREY and TISHA STALNAKER, | ) | |
| | ) | Civil Action No. 2:17-04059 |
| Plaintiffs, | ) | |
| | ) | Hon. Thomas E. Johnston, |
| | ) | District Judge |
| vs. | ) | |
| | ) | |
| ESTATE OF RUSSELL G. BEALL, DONNA | ) | |
| BEALL-BISHOP, as Executrix and in her | ) | |
| Individual capacity, and BEALL-BISHOP OIL | ) | |
| AND GAS, INC., | ) | |
| | ) | |
| Defendants, | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

COMES NOW Defendants the Estate of Russell G. Beall, Donna Beall-Bishop, and Beall-Bishop Oil & Gas, Inc., ("Defendants"), Plaintiffs, Tisha and Jeffrey Stalnaker, by and through their undersigned counsel, to jointly move the Court to approve a settlement in this matter and dismiss it, with prejudice, stating as follows:

1. The Parties have attached an executed settlement agreement. [Exh. 1].

2. Plaintiffs were employed by Russell Beall as employees and performed various tasks in his house. Plaintiffs have alleged that Defendants collectively constituted joint employers under the Fair Labor Standards Act ("FLSA") and that they are entitled to overtime wages. [Doc. 23, Amended Complaint].

3. During discovery, it became apparent that Defendants have significant and substantial defenses to the claims stated in the Amended Complaint, including that the Fair Labor Standards Act (FLSA) excludes the right to overtime pay for "companionship services" and the regulations define such services as "fellowship, care, and protection," for "an elderly person,"

including "household work…such as meal preparation, bed making, washing of clothes, and other similar services." 29 U.S.C. § 213(a)15; 29 C.F.R. § 552.6. Additionally, Section 213 of the FLSA provides exemptions to overtime requirements, and states that "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves," shall not be entitled to overtime. 29 U.S.C. § 213(a)15.

4. Plaintiffs, in response to these defenses, have alleged that they are entitled to overtime wages.

5. The Parties have reached an agreement, through negotiation of counsel, for a full and final settlement of this matter for eight thousand dollars ($8,000) to be paid to Plaintiffs, plus two thousand dollars ($2,000) in attorney's fees and costs for Plaintiffs' counsel.

6. A court presiding over an FLSA action may approve a proposed settlement of the action under 29 U.S.C.S. § 216(b) "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Kim v. Confidential Studio Inc.*, 2017 U.S. Dist. LEXIS 133002, at *4 (D. Md. Aug. 21, 2017) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (internal citations omitted).

7. Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was

reached in an adversarial proceeding, after engaging in discovery, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties understand that litigation is an inherently risky process, and the likelihood of success for either party in further litigation is difficult to ascertain. Settlement was achieved with an understanding of the disputed claims.

8. The attorney's fee in this matter is based upon hours of work performed. Plaintiffs' counsel reports expending over seventy hours in this matter, but has reduced their fee to two thousand ($2,000) for the benefit of the client. The total attorney's fee, including expenses, is two thousand dollars ($2,000). Counsel for Plaintiffs vigorously drafted, filed and litigated these claims until a settlement was reached with Defendants on all claims.

9. It is well established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). Of course, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted); *see also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'…The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors,

3

including the degree of the plaintiff's success in the suit." *Reynolds v. Alabama Dep't of Transp.*, 926 F. Supp. 1448, 1453 (M.D. Ala. 1995) ("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.").

10. As set forth above, Plaintiffs will receive eight thousand dollars ($8,000) and counsel for Plaintiffs will receive two thousand dollars ($2,000). Based on all relevant factors, the proposed payment of attorney's fees and cost reimbursements to Plaintiffs' counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

11. Based upon the above stated, the attorney's fee claim in this matter is reasonable and the Plaintiffs respectfully request this Court approve the attorney's fee award.

For all of the reasons stated herein, the Parties respectfully request that the Court enter an Order approving the Settlement and dismissing this action with prejudice,

                Respectfully submitted by counsel,

s/Michael Jacks/
Michael A. Jacks, Esq. (WV Bar #11044)
mike@jackslegal.com
Jacks Legal Group, P.L.L.C.
United Federal Credit Union Building
3467 University Ave, Suite 200
Morgantown, WV 26505
(304) 599-4770 (office)
(304) 278-3187 (fax)

*/s/ Aubrey Sparks*
Aubrey Sparks (WV Bar No. 13469)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
*Counsel for Plaintiffs*

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| JEFFREY and TISHA STALNAKER, | ) | |
| | ) | Civil Action No. 2:17-04059 |
| Plaintiffs, | ) | |
| | ) | Hon. Thomas E. Johnston, |
| | ) | District Judge |
| vs. | ) | |
| | ) | |
| ESTATE OF RUSSELL G. BEALL, DONNA BEALL-BISHOP, as Executrix and in her Individual capacity, and BEALL-BISHOP OIL AND GAS, INC., | ) ) ) ) ) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing "**Joint Motion For Approval Of Settlement And Dismissal,**" has been served upon the counsel of record in the above-captioned matter via the CM/ECF electronic filing system this 11th day of October, 2019:

Aubrey Sparks, Esq.
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
*Counsel for Plaintiff*

Defendants, By counsel,

  s/Michael Jacks/
Michael A. Jacks, Esq. (WV Bar #11044)
mike@jackslegal.com
Jacks Legal Group, P.L.L.C.
United Federal Credit Union Building
3467 University Ave, Suite 200
Morgantown, WV 26505
(304) 599-4770 (office)
(304) 278-3187 (fax)

5