IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEFFERY STALNAKER, et al.,

        Plaintiffs,

v.                                                              CIVIL ACTION NO.   2:17-cv-04059

RUSSELL G. BEALL, et al.,

        Defendants.

**ORDER**

Pending is the parties' Joint Motion for Approval of Settlement and Dismissal.  (ECF No. 59.)  For the reasons stated herein, the motion is **GRANTED**.

Plaintiffs, Tisha Stalnaker and Jeffrey Stalnaker ("Plaintiffs"), filed this action against Defendants, the Estate of Russell Beall, Donna Beall-Bishop, and Beall-Bishop Oil & Gas, Inc. ("Defendants"), seeking damages for their alleged failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21–5–1, *et seq.*  (ECF No. 23 at 1.)   Plaintiffs also allege an FLSA recordkeeping violation.  (*Id.* at 6.)  After engaging in some discovery, the parties informed the Court that they reached a settlement and filed an executed settlement agreement along with the present motion on October 11, 2019.  (ECF No. 59.)

A proposed settlement of claims under the FLSA must be presented to the court for review and a determination of whether the settlement is fair and reasonable.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Underwood v. KC Transport,*

*Inc.*, No. 17-02522, 2019 WL 1119637, at *2 (S.D. W. Va. Mar. 11, 2019) (In reviewing FLSA settlements for approval, "district courts in [the Fourth Circuit] typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." (citation omitted)). To make this determination, the Court must find that the litigation involves a bona fide dispute, the proposed settlement is fair and equitable to all parties concerned, and the agreement includes an award of reasonable attorneys' fees. *See Lynn's Food Stores*, 679 F.2d at 1354; *Harper v. ELK Run Coal Co.*, No. 11-00305, 2012 WL 1999429, at *3 (S.D. W. Va. June 4, 2012) (citations omitted).

The existence of a bona fide dispute is determined from the pleadings and "the representations and recitals in the proposed settlement agreement." *Jarrell v. Charleston Area Med. Ctr., Inc.*, 2018 WL 4560206, at *1 (S.D. W. Va. Sept. 21, 2018) (citing *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 408 (D. Md. 2014)). The FLSA claims at issue here constitute a bona fide dispute. Plaintiffs allege that they "routinely worked substantially in excess of 40 hours per week." (ECF No. at 3 ¶ 16.) They further claim that "[d]espite the fact [they] were classified as overtime-eligible employees," Plaintiffs were paid the same wage regardless of the number of hours worked. (*Id.* at 3, ¶¶ 17–18, 4 ¶ 20–21.) Plaintiffs allege that, as a result, Defendants violated the FLSA by failing to pay them for hours worked in excess of 40 hours per week. (*Id.* at 6 ¶ 34.) Defendants deny these allegations and raise several defenses to the application of the FLSA to this case. First, they assert that Plaintiffs were salaried managers, exempt from coverage under the FLSA. (ECF No. 35 at 2 ¶ 5.) They also assert that Plaintiffs' scope of work meets the definition of domestic services employment or companionship services under the FLSA and, thus, they are exempt from any overtime requirements. (*Id.*) Further, Defendants dispute the actual number of hours worked as alleged in Plaintiffs' Amended Complaint. (*Id.* at 5 ¶ 34.)

Considering these contentions over coverage, exemption, and hours actually worked, the Court finds that several bona fide disputes exist under the FLSA.

Next, the Court must consider whether the settlement agreement is fair and reasonable. This evaluation requires the Court to turn to the following relevant factors under Rule 23:

> (1) The extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Underwood*, 2019 WL 1119637, at *2 (citing *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) and *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975)). Plaintiffs initiated this action on September 26, 2017. (ECF No. 1.) The parties have had the opportunity to conduct and complete discovery in this matter to determine the sufficiency of their claims and defenses. Further, the Court presumes no fraud or collusion occurred from the lack of evidence of such in the record. *See Jarrell*, 2018 WL 4560206, at *2 (citation omitted). Counsel for the parties, who purport to be "capable attorneys who have the necessary experience to protect the rights of the Parties in this matter," believe that the settlement is fair and reasonable. (ECF No. 59 at 2–3 ¶ 7.)

The Court also observes that Defendants have a strong defense to Plaintiffs' claims. Plaintiffs allege that their duties included "basic plumbing and repair work, landscaping . . . , and basic maintenance on home and appliances," as well as assisting Russell Beall with other tasks, such as bathing, cooking, cleaning, grocery shopping, physical therapy, and taking him to appointments. (ECF No. 23 at 3.) The FLSA overtime requirement does not apply to "any employee employed . . . to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" and "any employee who is employed in domestic

3

service in a household" 29 U.S.C. § 213(a)(15); 29 U.S.C. § 213(b)(21). Pursuant to these exclusions, Defendants persuasively contend that the FLSA overtime requirements do not apply to Plaintiffs. The settlement agreement provides for a total payment of $10,000, consisting of an $8,000 award for Plaintiffs and $2,000 in attorney's fees. The Court concludes that this settlement is fair and reasonable considering the probability of success on the merits and the risks and costs of continued litigation.

Finally, the award of attorneys' fees is reasonable. The Fourth Circuit generally considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (1974)). Plaintiffs' counsel reports to expending over 70 hours of work in this matter. Nonetheless, they have reduced their fee to $2,000 for the benefit of their clients. (ECF No. 59 at 3 ¶ 8.) Plaintiffs' request for their attorney's fees is modest in light of their counsels' preparation of the pleadings, responses to Defendants' motion to dismiss, and participation in discovery and settlement negotiations. Thus, the Court finds that the requested award for attorney's fees is reasonable.

Accordingly, the Court approves the settlement agreement. The above-styled action is hereby **DISMISSED WITH PREJUDICE** and retired from the docket of the Court, subject to

reopening on motion of any party, and for good cause shown, within 90 days from the entry of this order. The Court **DIRECTS** the Clerk's Office to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 29, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE